**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIA MARTINEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 1:21-cv-4435** |
| | ) | |
| **ANTLER MANAGEMENT CORP.,** | ) | |
| **and JOSE ANGEL RODRIGUEZ,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Maria Martinez ("Martinez"), by her attorneys, the Garfinkel Group, LLC, complains against Defendants Antler Management Corp. ("Antler"), and Jose Angel Rodriguez, individually ("Rodriguez") (collectively "Defendants"), for: (1) failing to pay all compensable hours worked in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"); (2) failing to pay the minimum wage for all hours worked, in violation of the FLSA and IMWL; (3) failing to pay all agreed and earned wages, in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("Wage Act"); and (4) illegally deducting from Plaintiff's earned wages, in violation of the wage Act, and states:

## INTRODUCTION

1.      In multiple work weeks during the previous three (3) years, Defendants failed to pay Plaintiff all of her earned wages.

2.      Specifically, Defendants required Plaintiff to perform off-the-clock work after her scheduled work hours on numerous occasions.

3.      As a result of Defendants' failure to pay all of her compensable wages, Plaintiff was not compensated at least the minimum wage for her work during several workweeks.

4.      Likewise, during the prior three years, Defendants required Plaintiff to work more

1

than forty (40) hours in one or more individual work weeks.

5.      Defendants failed to pay Plaintiff overtime wages as required by the FLSA and IMWL, at the rate of one and one-half times her regular rate of pay for the time she worked in excess of forty (40) hours in one or more individual work weeks.

6.      Defendant Rodriguez also fraudulently accused Plaintiff of cash drawer shortages as a pretext to extort cash payments from her on several occasions.

**PARTIES**

7.      Martinez is a former employee of Defendants, and is a resident of Elgin Illinois, in Kane County, within this judicial district.

8.      Rodriguez is a resident of Elgin, Illinois, within this judicial district.

9.      Martinez was an hourly employee who regularly worked over forty hours in individual workweeks for Defendants.

10.     Defendant Antler is an Illinois-based-for-profit corporation.

11.     Defendant Rodriguez is a manager at Antler's Popeyes restaurant located at 1616 Big Timber Rd., Elgin, IL 60123.

12.     Defendant Rodriguez is involved in the day-to-day business operations of Defendant Antler.

13.     Rodriguez has the authority to hire, fire, schedule, and direct the work of Defendants' employees. He also supervises the work of Defendants' employees, and makes decisions regarding employee compensation and capital expenditures.

14.     Defendant Antler is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

15.     Defendant Antler is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. §

203(s)(1)(A).

16.    During the last three years, Defendant Antler Management Corp.'s annual gross volume of sales, or business transacted, has exceeded $500,000.00, exclusive of excise taxes.

17.    At all times relevant herein, Martinez was Defendants' employee, and Defendants were Martinez's employers, as defined by the FLSA and the IMWL.

18.    At all relevant times herein, Martinez was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207 and the IMWL, 820 ILCS 105/1 *et seq.*

19.    Rodriguez is also an officer as defined under the Wage Act. 820 Ill. Comp. Stat. § 115/2.

20.    At all times relevant herein, Martinez performed her job satisfactorily and to the reasonable business expectations of her employers, the Defendants.

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. §216(b) (FLSA jurisdiction); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

22.    Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally), and 29 U.S.C. § 216(b) (FLSA).

## FACTS

23.    Defendant Antler owns and operates a Popeyes restaurant located at 1616 Big Timber Rd., Elgin, IL 60123.

24.    Martinez began her employment with Antler in approximately July 27, 2015.

25.    Martinez was hired as a cashier.

26.    Martinez was promoted to Manager in approximately the end of September 2016.

27.    Martinez remained in the Manager position until her resignation on May 17, 2020.

28.     From approximately 2017-March 2020 Martinez was paid $13.50/hr.

29.     In March 2020, Martinez received a raise and began making $15/hr.

30.     Throughout her entire employment, Martinez regularly worked more than forty hours in individual workweeks.

31.     In approximately the last three years of her employment, Martinez was predominately assigned the closing manager shift.

32.     Rodriguez instructed Martinez to clock out no later than 12am regardless of whether she was done with her assigned tasks.

33.     Martinez regularly clocked out by 12:00 a.m. each shift despite not having completed her duties.

34.     Martinez regularly worked until 1:00 a.m. or 2:00 a.m. each closing shift, despite having clocked out by 12:00 a.m.

35.     In addition, once per month, Martinez was required to work until approximately 3am because she had to be present when the kitchen underwent a deep cleaning.

36.     Martinez received no additional pay for the hours worked off the clock for Defendants.

       Rodriguez Committed Further Wage Theft

37.     Defendants also illegally required Martinez to reimburse them for cash register and safe shortages regardless of who caused the shortage.

38.     Beginning in approximately February or March 2018, Rodriguez began announcing that Martinez was responsible for alleged "cash shortages" in Defendants' cash register and safe, respectively, at various times. Rodriguez would then require Martinez to pay him cash for alleged "shortages" in Defendants' cash register after the restaurant had closed.

4

39.     Martinez reimbursed Defendants for the cash register and safe shortages, regardless of whether she agreed with Defendants' accounting.

40.     At least three times per week, Rodriguez charged Martinez $20 for cash register shortages.

41.     Three times per month, Rodriguez charged Martinez $20-$60 for safe shortages.

42.     Martinez provided Rodriguez with cash for all amounts shortages charged.

43.     On one occasion, Martinez was told the shortage was $169. Martinez informed Rodriguez that she did not have that amount of money available to her, so Defendants made a single deduction from her following paycheck.

44.     Martinez fulfilled the obligations and completed the work that she agreed to undertake for Defendants.

**COUNT I**
**AGAINST ANTLER MANAGEMENT CORP. & RODRIGUEZ**
**FLSA – MINIMUM WAGE**

45.     Paragraphs 1 – 44 are incorporated by reference.

46.     Pursuant to the FLSA, an action to recover unpaid wages may be maintained in any federal or state court of competent jurisdiction. 29 U.S.C. § 216(b).

47.     The FLSA requires an employer to pay its covered, non-exempt employees the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

48.     Antler and Rodriguez were Martinez's employer, and Martinez was Antler and Rodriguez's employee, within the meaning of the FLSA, 29 U.S.C. § 203(d), (e).

49.     Rodriguez was employed as a manager and possessed the following authority as it relates to Antler:

a.   The power to hire and fire employees;

5

b.   Supervisory authority over employees, including control over their work schedules and conditions of employment;

c.   Determining employees' methods and rates of pay;

d.   Maintenance of employees' records.

50.   Antler, by its management or agents, and Rodriguez, individually, violated the FLSA by failing to pay Martinez for all hours that she worked, which resulted in her receiving less than the legal minimum wage for her hours worked in several pay periods.

51.   Defendants failed to pay Martinez for all hours worked. For example, Rodriguez instructed Martinez to clock out no later than midnight regardless of whether or not she had completed her work.

52.   Martinez clocked out each evening at midnight but would work until 1am-3am each evening.

53.   Martinez was not paid for the work she performed while off the clock.

54.   Defendants' violation of the FLSA was willful.

55.   As a direct result of Defendants' violation of the FLSA, Martinez suffered the loss of compensation in the form of receiving less than the federal minimum wage.

## COUNT II
## AGAINST ANTLER MANAGEMENT CORP. & RODRIGUEZ
## FLSA- OVERTIME PAY

56.   Paragraphs 1 – 44 are incorporated by reference.

57.   Pursuant to the FLSA, an action to recover overtime pay may be maintained in any federal or state court of competent jurisdiction. 29 U.S.C. § 216(b).

58.   The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times their regularly hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

6

59. Antler and Rodriguez were Martinez's employer, and Martinez was Antler and Rodriguez's employee, within the meaning of the FLSA, 29 U.S.C. § 203(d), (e).

60. Rodriguez was employed as a manager and possessed the following authority as it relates to Antler:

    a. The power to hire and fire employees;

    b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

    c. Determining employees' methods and rates of pay;

    d. Maintenance of employees' records.

61. Antler, by its management or agents, and Rodriguez, individually, violated the FLSA by failing to pay Martinez overtime wages for her hours worked over forty, which resulted in her receiving less than the legal overtime rate for her overtime hours.

62. Defendants' violation of the FLSA was willful.

63. As a direct result of Defendants' violation of the FLSA, Martinez suffered the loss of compensation in the form of overtime pay.

**COUNT III**
**AGAINST ANTLER MANAGEMENT CORP. & RODRIGUEZ**
**IMWL – MINIMUM WAGE**

64. Paragraphs 1 – 44 are incorporated by reference.

65. The IMWL requires an employer to pay all non-exempt employees minimum wage. 820 ILCS 105/4(a).

66. Antler and Rodriguez were Martinez's employer, and Martinez was Antler and Rodriguez's employee, within the meaning of the IMWL. 820 ILCS 105/3(c), (d).

67. Antler, by its management or agents, and Rodriguez, individually, violated the IMWL by requiring Martinez to work unrecorded and unpaid work hours, resulting in her receiving less

than her previously agreed to hourly rates, which also resulted in her receiving less than the legal minimum wage as defined by the IMWL for all hours worked.

68. Defendants failed to pay Martinez for all hours worked. For example, Rodriguez instructed Martinez to clock out no later than midnight regardless of whether or not she her work was completed.

69. Martinez clocked out each evening at midnight but would work until 1am-3am each evening.

70. Martinez was not paid for the work she performed while off the clock.

71. Defendants' violation of the IMWL was willful.

72. As a direct result of Defendants' violation of the IMWL, Martinez suffered the loss of compensation in the form of earning less than the minimum wage.

## COUNT IV
### AGAINST ANTLER MANAGEMENT CORP. & RODRIGUEZ
### IMWL – OVERTIME PAY

73. Paragraphs 1 – 44 are incorporated by reference.

74. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times their regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

75. Antler and Rodriguez were Martinez's employer, and Martinez was Antler and Rodriguez's employee, within the meaning of the IMWL. 820 ILCS 105/3(c), (d).

76. Antler, by its management or agents, and Martinez, individually, violated the IMWL by failing to pay time-and-a-half for all hours worked over forty, which resulted in Martinez receiving less than the legal overtime rate for hours worked over forty.

77. Defendants' violation of the IMWL was willful.

78.     As a direct result of Defendants' violation of the IMWL, Martinez suffered the loss of compensation in the form of unpaid overtime wages.

**COUNT V**
**AGAINST ANTLER MANAGEMENT CORP. & RODRIGUEZ**
**WAGE ACT VIOLATION – FAILURE TO PAY ALL AGREED COMPENSATION**

79.     Paragraphs 1 – 44  are incorporated by reference.

80.     The Wage Act requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation, including "any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2.

81.     Antler and Rodriguez were Martinez's employers, and Martinez was Antler and Rodriguez's employee, as defined under the Wage Act. 820 ILCS 115/2.

82.     Defendants promised to pay Martinez $13.50-$15.00 per hour, for each hour she worked for each hour she worked.

83.     Martinez performed the work pursuant to her agreements with Defendants.

84.     Defendants failed to pay Martinez for all hours worked.

85.     By refusing to pay Martinez for her earned wages, Defendants breached their agreements with her.

86.     Decision makers who knowingly permit the violation of the Wage Act face individual liability for such violations. 820 ILCS 115/13.

87.     Rodriguez was a decision maker as he had the power to hire and fire employees.

88.     Defendants' failure to pay Martinez her agreed rate of pay violates the Wage Act. 820 ILCS 115/2

89.     Defendants' violations of the Wage Act were willful.

9

90.     As a direct result of Defendants' violation of the Wage Act, Martinez has suffered damages in the form of lost earned compensation.

## COUNT VI
## AGAINST ANTLER MANAGEMENT CORP. & RODRIGUEZ
## WAGE ACT VIOLATION – UNLAWFUL PAY DEDUCTIONS

91.     Paragraphs 1 – 44 are incorporated by reference.

92.     The IWPCA prohibits employers from making unauthorized deductions from wages or final compensation unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; [or] (4) made with the express written consent of the employee, given freely at the time the deduction is made. 820 ILCS 115/9.

93.     Antler and Rodriguez were Martinez's employers, and Martinez was Antler and Rodriguez's employee, as defined under the Wage Act. 820 ILCS 115/2.

94.     By repeatedly deducting from Plaintiff's earned wages for alleged cash shortages, Defendants repeatedly made unlawful pay deductions.

95.     Defendants' deductions were not required by law, to Plaintiff's benefit, in response to a valid wage assignment or wage deduction order, or made with Plaintiff's express written consent, and therefore violated the Wage Act. 820 ILCS 115/9.

96.     Decision makers who knowingly permit the violation of the Wage Act face individual liability for such violations. 820 ILCS 115/13.

97.     Rodriguez was a decision maker as he had the power to hire and fire employees.

98.     Rodriguez knew Martinez did not owe cash for shortages, and coerced these pay deductions anyway.

99.     As a direct result of Defendants' violation of the IWPCA, Lee was damaged in the form of being unlawfully deducted lawfully earned wages.

WHEREFORE, Plaintiff Maria Martinez, respectfully requests that this Court enter judgment in her favor against Defendants Antler Management Corp., and Jose Angel Rodriguez, awarding her:

A. Damages in the form of unpaid minimum wages and overtime pay under the FLSA;

B. Liquidated damages in the amount of double her actual damages under the FLSA for unpaid minimum wage and overtime pay violations;

C. Damages in the form of unpaid minimum wages and overtime pay for IMWL minimum wage and overtime pay violations;

D. Statutory damages for minimum wage and overtime pay violations, pursuant to the 5% interest penalties and treble damages, as is mandatory under the IMWL (820 Ill. Comp. Stat. 105/12(a));

E. The amount of her earned and unpaid wages in accordance with the Wage Act;

F. Statutory damages equivalent to 2% monthly interest pursuant to 820 ILCS 115/14 for all violations through July 9, 2021;

G. Statutory damages equivalent to 5% monthly interest pursuant to 820 ILCS 115/14 for all violations, beginning on July 9, 2021;

H. Compensatory damages;

I. Punitive damages;

J. Her reasonable attorneys' fees;

K. The costs of this action; and

L. Any other relief deemed just and reasonable by this Court.


Dated:  August 19, 2021

The Garfinkel Group, LLC                     Respectfully submitted,
6252 N. Lincoln Avenue
Suite 200
Chicago, IL 60622                            _/s/ Max Barack_____
Max Barack (IARDC No. 6312302)               One of the Plaintiff's Attorneys
max@garfinkelgroup.com
Haskell Garfinkel (IARDC No. 6274971)
haskell@garfinkelgroup.com
(312) 736-7991